IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. JOHNSON, | : | |
| Plaintiff, | : : | |
| VS. | : : | CIVIL ACTION NO.1:06-CV-145 (WLS) |
| Warden CYNTHIA NELSON; | : | |
| Deputy Warden STACY WEBB; | : | |
| Deputy Warden KEITH JONES; | : | |
| Officer VICTOR JOHNSON; | : | |
| AUTRY STATE PRISON | : | |
| MEDICAL STAFF PROVIDER, | : : | |
| Defendants. | : | **ORDER** |

Plaintiff **CHRISTOPHER D. JOHNSON**, an inmate at Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be

granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff alleges that Richard Smith is a violent mental health inmate who has stabbed other inmates in the past and committed various other acts of violence. Plaintiff states that although the named defendants were aware of this history, he was placed in the same cell with Mr. Smith. According to plaintiff, at 4:00 am on July 1, 2006, inmate Smith stabbed him two times while he was sleeping and four more times after the fell from his bunk to the floor.

According to plaintiff, a night orderly came by and saw blood seeping from under the cell door. Plaintiff states that it took Officer Johnson approximately fifteen minutes to arrive and then took an unnamed nurse another thirty minutes to arrive. Plaintiff alleges that during this time, he was losing a considerable amount of blood.

Plaintiff states that he was taken to medical; where he waited approximately ninety minutes. Plaintiff states that he was then bandaged and received no stitches. Plaintiff alleges that the unnamed medical personnel then decided to send him to Mitchell County Hospital. Plaintiff states that upon arrival at the hospital, he received twenty staples and numerous stitches on his head, eye, and arms. Plaintiff alleges that he had lost a lot of blood and remained very week during his stay

at this hospital.

According to plaintiff, the doctor at Mitchell County Hospital prescribed Tylenol 3, antibiotics, and two other medications. However, plaintiff states that the medical staff at Autry State Prison refused to give him any medication when he returned.

Plaintiff states that, upon his return to Autry State Prison, he was placed in segregation lock-down for thirteen days with no medication and no bandage changes. Plaintiff states that he suffered tremendous pain during this time and his stab wounds failed to heal properly due to the lack of medication and unclean bandages.

Plaintiff has named the Autry State Prison Medical Staff Provider as a defendant. However, there is no way for the Court to know to whom plaintiff is referring when he names this defendant; and there is no way to serve such unnamed individual or individuals with notice of this action. Therefore, the Undersigned **RECOMMENDS** that the Autry State Medical Staff Provider be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 31st day of October, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb

Case 1:06-cv-00145-WLS   Document 4   Filed 10/31/06   Page 4 of 4