# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **CHRISTOPHER D. JOHNSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL ACTION FILE |
| VS. : | NO. 1:06-cv-145 (WLS) |
| : | |
| Warden **CYNTHIA NELSON, et al.,** : | |
| : | |
| **Defendants.** : | |

## RECOMMENDATION

This is a section 1983 action brought by a State of Georgia prison inmate who is proceeding *pro se*. Plaintiff is presently detained at Georgia State Prison in Reidsville, Georgia. However, at the time of the circumstances giving rise to this lawsuit plaintiff was an inmate at Autry State Prison near Pelham, Georgia. Thus each of the served defendants, Nelson, Webb, Jones, and Johnson, is or was an employed by the Georgia Department of Corrections at Autry State Prison.[1]

In his unsworn complaint plaintiff alleges two violations of his Eighth Amendment right to be free of cruel and unusual punishment. He first alleges that the defendants failed to protect him from attack by another inmate who was known to them to have violent tendencies towards other inmates along with unspecified mental health issues. In this regard, plaintiff alleges that this violent inmate, who was his cellmate, stabbed him twice while he was sleeping and then stabbed him four more times while plaintiff was laying on the floor of his cell. As a second area

---

[1]Subsequent to the commencement of this lawsuit, but before the filing of an answer or other responsive pleading, plaintiff amended his complaint to add one Mary Harris, allegedly the individual in charge of the entity at Autry State Prison, which contracts with the state of Georgia to provide medical care to the inmates at that location (R. at 10). On April 24, 2007, the Clerk of Court was ordered to provide for service upon this defendant (R. at 24). As of this date it does not appear that this defendant has been served, thus she has not answered.

of complaint plaintiff alleges that the defendants were deliberately indifferent in their treatment of his serious medical condition (the stab wounds).

The served defendants have filed a motion for summary judgment accompanied by a memorandum of law in support thereof and a statement of undisputed material facts. The plaintiff was given notice of the filing of the motion and of his right to respond in opposition to the granting of same. Plaintiff has responded to the motion.

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).

*Failure to Protect Claim*

In moving for summary judgment, the defendants do not rely on any affidavits, depositions, pleadings or discovery responses, but instead merely assert that plaintiff can not prove either of his claims on the merits.

In their brief, defendants state,

> "[a]t no time before Plaintiff was allegedly attacked on July 1, 2006, were Defendants Cynthia Nelson, Stacy Webb, Keith Jones, and Victor Johnson aware that inmate Richard Smith posed a threat to Plaintiff. At no time before July 1, 2006, did Plaintiff inform Defendants Cynthia Nelson, Stacy Webb, Keith Jones, and Victor Johnson that he was in danger from inmate Richard Smith, nor did Plaintiff ever request Protective Custody from inmate Richard Smith before July 1, 2006.
> Thus Defendants Cynthia Nelson, Stacy Webb, Keith Jones, and Victor Johnson did not know that Plaintiff faced a substantial risk of serious harm from inmate Richard Smith."

(R. at 21, pp. 5 - 6).

Defendants make similar statements in their Statement of Undisputed Facts (R. at 22). The problem is however, that Defendants have not cited to or pointed out one shred of evidence contained in the record to support these statements. Defendants have done nothing more than to state in their brief that they are entitled to summary judgment because they had no knowledge of the threat inmate Smith posed to Plaintiff. However, mere statements by counsel in a brief [in support of a motion for summary judgment] cannot form a basis for the entry of summary judgment. Kauffman v. Johnson, 454 F.2d 264, 266 (3rd Cir. 1972). *See also* Garrison v. Travel Centers of America, 2005WL1711884, fn.12 (S.D. AL. 2005) and cases there cited. The Defendants have thus failed to carry their initial burden of demonstrating that no genuine issue of material fact remains as to this claim. Celotex, at 477 U.S. at 325. There is therefore an insufficient basis upon which to recommend that Defendants' motion for summary judgment be granted on the failure to protect claim. It follows that it is the **RECOMMENDATION** of the undersigned that Defendants' motion for summary judgment be **DENIED** as to this claim.

*Plaintiff's Claim of Deliberate Indifference to a Serious Medical Condition*

Defendants bring a two pronged attack upon plaintiff's medical claims. It is first maintained that Plaintiff has not shown that he sustained an injury amounting to a serious medical condition as a result of the attack by the other inmate. Defendants further maintain that Plaintiff has presented no evidence indicating that they were deliberately indifferent to any medical condition suffered by the Plaintiff.

For purposes of this discussion it is noted that while Plaintiff's medical claim did pass the initial frivolity assessment that does not necessarily mean that it rises to the level of withstanding a properly documented motion for summary judgment. Defendants however, almost seem to intimate that because, " . . . . in Its Order dated October 31, 2006, the Court dismissed the Autry State Medical Staff Provider from the captioned case," that this action was a pronouncement or indication of the Court's view of the medical claim in this case. (R. at 21, p. 7). A review of the pertinent portion of the Order or Recommendation referred to by Defendants clearly shows that this recommendation of dismissal was only because the plaintiff did not know the name of the medical provider and there was thus no way to serve this unnamed individual (R. at 4, p. 3).

Again, as with the failure to protect claim, Defendants have totally failed to show by reliance upon or pointing to the pleadings, depositions answers to interrogatories and admissions on file, together with affidavits if any that there is no genuine issue as to any material fact and that they, as the moving party, are entitled to judgment as a matter of law. Without pointing to any evidence contained in the record showing the absence of a genuine material factual issue entitling them to the entry of summary judgment, defendants simply state or guess that the plaintiff can not show the existence of a serious medical condition or the deliberate indifference of the defendants to his medical condition. Quite simply, the defendants have failed to make the

requisite Rule 56(c) showing which would shift the burden to the plaintiff to show the existence of a genuine material factual issue . While it may well be that in the face of a properly filed motion for summary judgment pointing out evidence contained within the record showing the absence of a genuine material factual issue plaintiff would not be able to withstand the motion, such is not the case here. Defendants again merely rely upon statements contained in their brief. The defendants having not carried their burden initially on summary judgment, it has not shifted to plaintiff. For the above stated reasons it is the **RECOMMENDATION** of the undersigned that the Defendants' motion for summary judgment on the issue of deliberate indifference to serious medical condition be **DENIED.**

3. *Official Capacity Claims*

To the extent that defendants are being sued in their official capacities as alleged in their brief in support of their motion, they are correct in their assertion that they are protected by the immunity afforded the individual states by the Eleventh Amendment to the Constitution of the United States. A suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred by the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 664 (1974). The immunity provided to the states by the Eleventh Amendment also attaches to and protects individuals who are sued in their official capacities as well as state agencies and entities. This is because a suit against a state employee in his or her official capacity or against a state agency is in essence a suit against the state as any monetary judgment obtained would be satisfied from state funds. Will v. Michigan Dept. Of State Police, 491 U.S. 58 (1989). In view of the above and foregoing, it is the recommendation of the undersigned that the defendants' motion for summary judgment be **GRANTED** to the extent that they are being

sued in their official capacities.

## 4. Respondeat Superior

Here defendants begin by making the standard argument that liability in a civil rights action must be based upon something more than a theory of *respondeat superior* and that supervisory liability attaches only when there is participation in the violation by a supervisor or a causal connection between the actions of the supervisor and the constitutional violation. Monnell v. Department of Social Services, 436 U.S. 658, 691 (1978); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

Defendants Nelson, Webb, and Jones are or were the Warden and Deputy Wardens at Autry State Prison when the circumstances giving rise to this lawsuit arose and are or were clearly supervisors.[2] Defendants allege in their brief that they had no knowledge of the situation of which plaintiff complains, i.e., that plaintiff's cell mate posed a danger of physical harm to any cell mate housed with him. On the other hand the plaintiff states that they (the defendants) were aware of this danger.

Given that upon summary judgment consideration all facts and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party the undersigned is again constrained to recommend that Defendants' motion for summary judgment on this theory be **DENIED.** Defendants have once again merely relied upon unsubstantiated statements contained within their brief. It is noted however that this result might have been different in the face of a properly documented (references to evidence contained within the record and affidavits from the movants) motion for summary judgment.

---

[2] Defendant Johnson is or was a Correctional Officer.

*5. Qualified Immunity*

Defendants next argue that they are protected from liability herein by the doctrine of qualified immunity. Defendants then point out that in conducting a proper qualified immunity analysis that it first must be shown that the state actors seeking qualified immunity protection must first show that they were performing discretionary duties when the alleged constitutional violation(s) occurred. If the defendants claiming qualified immunity protection were not in the performance of their discretionary duties, then qualified immunity is inapplicable. In their brief in support of their motion the defendants conclude as follows:

> The defendants here acted within the scope of their discretionary authority, and their conduct was within the scope and course of and reasonably related to their duties.
>
> Once a defendant shows that he acted within his discretionary authority, the burden shifts to the plaintiff to demonstrate that the defendant violated "clearly established law."

(R. at 21, defendants brief, p. 11).

While the defendants have stated the law correctly, they have failed to make the requisite showing, through affidavits or other evidence possibly contained in the record, that they were acting within the scope of their discretionary duties when the circumstances giving rise to this lawsuit arose. Once again mere statements by counsel in a brief [in support of a motion for summary judgment] can not form a basis for the entry of summary judgment. Kauffman, 454 F.2d at 266.

Here, defendants have done nothing more than to make completely unsupported conclusory allegations to the effect that they were performing discretionary duties. This statement is not supported by reference to any affidavits or other evidence which might be

7

contained within the record. Thus, the defendants have merely stated, not shown the performance of discretionary duties. Therefore, the burden of showing that the law was clearly established does not shift to the plaintiff. For this reason the undersigned must **RECOMMEND** once again that the defendants' motion for summary judgment be **DENIED.**

*6. Failure to Exhaust Administrative Remedies*

For their final argument defendants seize upon plaintiff's statement contained in his unverified complaint to the effect that although he did file a grievance, "the filing date was out of time due to my medical situation at that time" to maintain that the plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act and that therefore they are entitled to summary judgment. In an affidavit given by the plaintiff under penalty of perjury, plaintiff makes the following statements regarding his filing or attempting to file a grievance.

> I did not get stabbed here at G.S.P. but have requested to file an out of time grievance in a letter to D/W Paul and one to Atlanta DOC. Actually I did attempt to file an informal grievance, when [sic] was submitted within the 10 days Rule but counselor would not give me a fromal grievance since I refuse to sign the informal grievance, which to have done so would have agreed with the counselor response that there was no record of the assault. I finally signed an informal grievance in hopes to get a formal grievance but was not given one. Under these facts there are no 'available' administration [sic] remedy.

(R. at 29, pp. 3-4, ¶ 6).

Thus, while it is not at all clear that plaintiff has in fact exhausted his available administrative remedies as required by the PLRA prior to seeking relief in the Federal courts, the defendants have quite simply not shown by reference to the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there is no

8

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law as required by Federal Rule of Civil Procedure 56(c).

Here, the defendants have quite simply failed in their initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). Rather than submitting affidavits from the appropriate Department of Corrections employee showing that plaintiff has failed to exhaust, they have once again merely made conclusory statements in their brief which can not be the basis for the enty of summary judgment. It is therefore again **RECOMMENDED** that the motion for summary judgment by **DENIED.**

In closing it is noted that in the face of a properly documented and supported motion for summary judgment there is a strong possibility that this recommendation would have been to grant the motion. Unfortunately this was not the case.

*Conclusion*

As set out above, it is the **RECOMMENDATION** of the undersigned that the defendants' motion for summary judgment be **GRANTED** as to the official capacity claims only and **DENIED** as to all other grounds raised.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 6th day of March 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE