IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **CHRISTOPHER D. JOHNSON,** : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE |
| VS. : | NO. 1:06-CV-145 (WLS) |
| : | |
| Warden **CYNTHIA NELSON, STACY WEBB, KEITH JONES,** and **VICTOR JOHNSON,** : | |
| Defendants. : | |

## RECOMMENDATION

This is a § 1983 action brought by a former state prisoner, who was evidently released from custody in March of 2008 (Doc. # 39). The circumstances giving rise to this lawsuit allegedly occurred while the plaintiff was an inmate at Autry State Prison, which is the facility at which all defendants were or are employed. In his unsworn and unverified complaint filed on or about October 23, 2006, plaintiff evidently alleges that on July 1, 2006, defendants Nelson, Webb and Jones bunked plaintiff with another inmate, known to these defendants to have serious mental health problems which had manifested themselves in the past by violent behavior including the stabbing of other inmates. Plaintiff alleges that on that date his cell mate stabbed him at least six times causing serious physical injuries and that it took defendant Johnson too long to get plaintiff out of his cell after the stabbing. Plaintiff also alleges that until he was transferred to another facility on July 13, 2006, these defendants were deliberately indifferent to his serious medical condition resulting from the stabbing (Doc. # 1, complaint). Presently pending before the court is the defendants second motion for summary judgment, the first having been denied. This will be explained in more detail elsewhere in this recommendation.

Service was ordered on these defendants on October 31, 2006, and that order provided that the customary ninety (90) day discovery period would commence with the filing of the defendants' responsive pleadings (Doc. # 5).  Answers were filed herein on November 27, 2006, thus the discovery period would normally end on or about February 25, 2007 (Docs. # 12, 13).  On or about January 21, 2007, plaintiff moved the court for a ninety (90) day extension of the discovery period (Doc. # 16).  In his motion plaintiff stated that he had not yet undertaken discovery because he did not know how to do so.  On April 23, 2007, for good cause shown, the court granted a sixty (60) day extension of the discovery period from the date of the order (Doc. # 27).  Thus, the discovery period ended in this case on June 22, 2007.

On or about May 21, 2007, plaintiff filed two rambling, semi-coherent motions to compel in which he averred that defendants' counsel had provided none of the discovery materials which he had requested and also stated that he had attempted in good faith to confer with defense counsel prior to the filing of the motion (Docs. # 30, 31).  However, plaintiff failed to attach to his motions copies of the discovery requests he maintained that he served on defense counsel.  Thus the court could make no determination as to the appropriateness of the alleged discovery requests or motions to compel.  Defense counsel responded immediately to both motions on May 22, 2007 (Docs. # 23, 33).  In his responses defense counsel unequivocally denied any attempt by the plaintiff to confer with him regarding discovery before plaintiff filed his motions.  Further, defense counsel clearly stated that he received no discovery materials from the plaintiff until May 18, 2007, the same day he received the motions to compel, and that the certificates of service attached to the discovery materials were all dated May 8, 2007.  Defense counsel suggested that plaintiff might be attempting to perpetrate a fraud upon the court.  He was perhaps

correct.  On November 8, 2007, the court denied both motions to compel (Doc. # 35).

The court is being called upon once again to enter a recommendation on a motion for summary judgment upon a record that contains little or no evidence in support of or in opposition to the granting of the motion.  This is precisely the reason that the undersigned recommended that defendants' first motion for summary judgment be denied; no evidence was brought forward to support a finding that there were no genuine material factual issues.  In his order adopting the recommendation that the first motion for summary judgment be denied the district judge to whom this matter is assigned ordered defense counsel "to submit a substantive motion for summary judgment to the Court with respect to Plaintiff's pending claims within forty (40) days of the issuance and entry of this order.  Said motion shall be in good faith, substantive and not cursory." (Doc. # 38, ¶ 3).  Unfortunately, the undersigned does not find that defense counsel met his burden.

In their brief in support of their motion for summary judgment defendants make the following totally unsupported statement.

> At no time before plaintiff was allegedly attacked on July 1, 2006, were defendants Cynthis Nelson, Stacy Webb, Keith Jones, and Victor Johnson aware that inmate Richard Smith posed a threat to Plaintiff.  At no time before July 1, 2006, did plaintiff inform defendants Cynthia Nelson, Stacy Webb, Keith Jones, and Victor Johnson that he was in danger from inmate Richard Smith, nor did plaintiff ever request Protective Custody from inmate Richard Smith before July 1, 2006.
>
> Thus, defendants Cynthia Nelson, Stacy Webb, Keith Jones, and Victor Johnson did not **know** that plaintiff faced a substantial risk of serious harm from inmate Richard Smith. (Emphasis added) 511 U.S. at 847, 114 S.Ct. At 1984.  Therefore pursuant to the United States Supreme Court's holding in *Farmer v. Brennan,* 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994) plaintiff's Eighth Amendment claim against defendants Cynthia Nelson, Stacy

> Webb, Keith Jones, and Victor Johnson should be dismissed and defendants Cynthia Nelson, Stacy Webb, Keith Jones and Victor Johnson's Motion for summary judgment be granted as a matter of law.

(Doc. # 41, p 5 - 6) Defense counsel failed to even obtain affidavits from the defendants to support these statements.  In view of the lack of evidence submitted in support of defendants' motion the court feels compelled to remind defense counsel of the following regarding the showing necessary for the entry of summary judgment.

> To summarize the *Adickes* rule remains the general rule. The moving party bears the initial burden to show the district court, <u>by reference to materials on file</u>, that there are no genuine issues of material fact that should be decided at trial.  <u>Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment</u>.  *Celotex* did not change the general rule.  *Celotex* simply holds that under certain circumstances the movant may meet its Rule 56 burden without negating an element of the non-moving party's claim and under such circumstances it is sufficient <u>to point to materials on file</u> that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden.  **Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial.**  (Emphasis added)

<u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir 1991).

The above notwithstanding, the undersigned finds that a recommendation dismissing plaintiff's complaint or possibly in the alternative in favor of defendants' motion for summary judgment can be made for the following reasons.  On March 31, 2008, plaintiff filed a change address notice with Clerk of Court. (Doc. # 39).  That notice contained an address in Columbus, Georgia and was a strong indication that plaintiff had completed his sentence and was released from custody.  This is further supported by plaintiff's assertion in his complaint that his sentence would be completed on March 26, 2008.  (Doc # 1, p. 1, ¶ 3(f)).  Defendants' current motion for

summary judgment was filed on April 16, 2008.  (Doc. # 40-42).  The court's required notice of the filing of defendants' motion and advice of his right to respond in opposition to the granting of the motion as he did in response the defendants' first motion was mailed to plaintiff at his new address on April 18, 2008.  (Doc # 43).  This notice has not been returned to the Clerk of Court as undeliverable thereby creating the presumption of receipt.  Plaintiff has not filed a response in opposition to the granting of the current motion.  This chronology of events certainly causes one to wonder if, as is often the case when an inmate is released from custody, the plaintiff has lost interest in pursuing his case.  There is no evidence that the plaintiff has done anything to further prosecute his case since giving notice of his change of address some eight months ago.  He has had no contact with the court since that time.  Surely if the plaintiff was interested in continuing to pursue this matter he would have responded in opposition to this motion for summary judgment as he did the first motion.

There also appears to be some evidence in this file submitted by plaintiff on April 30, 2007, which will justify a ruling in favor of defendants in spite of the earlier mentioned inadequacies contained in the record.. (Doc # 29).  This document is styled "Motion for court ordered "Martinez Report" w/affidativ [sic] response to defendants summary judgment motion".

Paragraph five of plaintiff's sworn affidavit states, "plaintiff concede that it appears that I was given proper medical care."  The undersigned construes this statement as an acknowledgment by plaintiff that he did receive proper medical care for his alleged injuries and therefore RECOMMENDS defendants' motion for summary judgment be granted as to that claim.

Unfortunately for plaintiff however his affidavit provides him no help with regard to his

failure to protect claim.  Paragraph one of his affidavit states that, "plaintiff complained that defendants knew or should have known that Richard Smith was mental health [sic] with violent propensity to assault an inmate such as myself; and that to put me in a cell with him was dangerous."  The undersigned construes this quote as referring to plaintiff's complaint which is neither verified nor sworn and therefore not evidence which would create a genuine factual issue.  Plaintiff's above statement wherein he claims that he complained that the defendants knew or should have known of inmate Smith's dangerousness towards other inmates provides no evidence as to their actual knowledge.  In paragraph two of his affidavit plaintiff states that he did complain to the K and L buildings unit managers that inmate Smith had mental health problems and requested that he be moved to another cell.  He does not, however, aver that he told any of the named defendants of his fear of inmate Smith.  In short, some twenty-six months after this complaint was filed there is not a shred of evidence addressing the degree of knowledge of the defendants as to the danger to plaintiff posed by placing him in the same cell with inmate Smith.  There is nothing more on this critical issue than the unsupported allegations of plaintiff and for this reason the undersigned now RECOMMENDS that the defendants' motion for summary judgment be granted or alternatively that the complaint be dismissed on the failure to protect claim for want of sufficient evidence.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

    **SO RECOMMENDED,** this 10th day of December 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE